# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Teresa Gallop, | Case No. 25-cv-00159 (JMB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Federal Bureau of Prisons and Segal, *Warden*, | |
| Respondents. | |

Petitioner Teresa Gallop has filed a petition for a writ of habeas corpus challenging the computation of her prison sentence by the Bureau of Prisons ("BOP"). (Dkt. 1.)

On August 18, 2018, Gallop was sentenced in the Eastern District of Virginia to an aggregate term of imprisonment of 153 months followed by a period of supervised release after pleading guilty to Conspiracy to Commit Bank & Wire Fraud in violation of 18 U.S.C. § 1349; Aggravated Identity Theft in violation of 18 U.S.C. § 1028A; and a supervised release violation of an underlying sentence for health care fraud. (Dkt. 8 ¶ 3; Dkt. 8-1 at 2-5.)

The core of Gallop's Petition is that the BOP has failed to properly calculate her sentence pursuant to the First Step Act ("FSA") and Second Chance Act ("SCA"), Pub. Law No. 110-199, 122 Stat. 657. Gallop asks that the Court direct the BOP to provide

her with additional FSA time credits ("FTCs"). (Dkt. 1 at 6-7.) Gallop also seeks the following relief:

> Petitioner has accrued 610 FTCs to date. She has qualified for 365 day placement per SCA. Petitioner has passed the date of eligibility for pre-release transfer pursuant to the FCA and SCA of 9.23.25 [sic]. Petitioner is an eligible prisoner for pre release transfer whose transfer is mandatory under §3632(d) and 3624(g)(ii). Petitioner should be immediately transferred to pre release custody.

(*Id.* at 7; *see also* Dkt. 3.) As of December 2024, when the Petition was filed, Plaintiff had earned 365 days of FTCs towards release and 610 days of FTCs towards prelease custody in a residential reentry center ("RRC") or home confinement. (Dkt. 1-1 at 1.)

On April 8, 2025, Plaintiff filed a change of address. (Dkt. 13.) The BOP's inmate locator shows that Petitioner's location is RRM[1] Baltimore, Residential Reentry Office, 400 First Street, NW, 5th Floor, Washington, DC 20534. *See* BOP Inmate Locator, https://www.bop.gov/locations/ccm/cbr/ (last visited Aug. 8, 2025).

Under the FSA, federal inmates can earn incentives for participating in qualifying evidence-based recidivism reduction programs and productive activities. *See* 18 U.S.C. § 3632(a). One of incentives is the ability to earn FTCs towards the inmate's supervised release and prerelease custody dates. 18 U.S.C. § 3632(d)(4). Pursuant to the FSA, eligible federal prisoners sentenced to a term of supervised release following their term of

---

[1] "RRMs administer contracts for community-based programs and serve as the Federal Bureau of Prisons local liaison with the federal courts, the U.S. Marshals Service, state and local corrections, and a variety of community groups within their specific judicial districts. RRM Staff also monitor local Residential Reentry Centers which are responsible for providing federal offenders with community-based services that will assist with their reentry needs." https://www.bop.gov/about/facilities/offices.jsp (last visited Aug. 8, 2025).

2

imprisonment can earn up to 365 days of FTCs towards their sentence.  *See* 18 U.S.C. § 3624(g)(3).  Further, the FSA allows the BOP to transfer otherwise eligible inmates who have "earned [FTCs] in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" to prerelease custody, where such prerelease custody could entail an RRC or home confinement.  18 U.S.C. § 3624(g)(1)(A), (g)(2)(A)-(B).

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies.  *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. Const. art. III, § 2.  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir. 1994)).  The federal courts lack jurisdiction to hear moot cases.  *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action."  *Potter v. Norwest Mortg.*, 329 F.3d 608, 611 (8th Cir. 2003) (citing *Minn. Humane Soc'y,* 184 F.3d at 797).

Here, the record shows that Plaintiff has earned the 365 days of FTCs towards her release date and that she is presently in an RRC.  Thus, any order related to these issues would have no effect.  Because this relief has already been granted, these claims are moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (concluding that the Section 2241 petitions are moot because the relief sought in the petitions had already been granted).

This Court also finds that no exception to the mootness doctrine applies to these claims.  *See Sayonkon v. Beniecke*, Case No. 12-CV-27 (MJD/JJK), 2021 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *R. & R. adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012).  These exceptions provide that claims should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is a properly certified class action suit." *Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

None of these exceptions apply here—Gallop does not allege any continued or collateral injury from the period where her jail credit had not been applied to her sentence or her detainer appeared active; it is unlikely that this exact scenario could repeat itself because there are no allegations that the BOP could revoke the application of her FTCs to her sentence; there is no indication that the BOP provided the relief requested as to the Petition to evade judicial review; and this matter has not been certified as a class action. Accordingly, the Court finds that the Petition is moot, and no exception to the mootness doctrine applies.

Moreover, even assuming that Plaintiff's claim is not moot, courts in this District have repeatedly held that the BOP has exclusive authority to determine the placement of prisoners.  *See Garcia v. Eischen*, No. 22-CV-444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases).  "[I]t is the BOP—not the courts—who decides whether home detention is appropriate." *Williams v. Birkholz*, No. 20-CV-2190

4

(ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021) (cleaned up and citation omitted), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). While the SCA increased the maximum permitted RRC designation to twelve months, *Hewitt v. Jett*, No. 09-CV-1676 (RHK/RLE), 2010 WL 1417654, at * 2 (D. Minn. Mar. 15, 2010), *R. & R. adopted,* 2010 WL 1416890 (D. Minn. Apr. 6, 2010), nothing in the SCA or the FSA abrogates the BOP's authority to designate the placement of prisoners. *See, e.g.*, *United States v. Kluge*, No. 17-CR-61, 2020 WL 209287, at *2 (D. Minn. Jan. 14, 2020) (explaining that the FSA did not change the statutory language providing that the BOP makes placement determinations).

In addition, Gallop has no constitutional right to be considered for RRC placement. Courts in this District have routinely held that prisoners do not have a "constitutionally protected liberty interest in serving [their] sentence at a particular institution." *Khdeer v. Paul*, No. 18-CV-2112 (ECT/BRT), 2018 WL 6919637, at *5 (D. Minn. Nov. 29, 2018) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996)), *R. & R. adopted,* 2019 WL 79318 (D. Minn. Jan. 2, 2019)); *see also United States v. James*, 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("[I]t is . . . well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement.") (citations omitted). To the extent that Gallop contends that she is **entitled** to be granted the full 12-month RRC designation, "the courts have held that a prisoner does not have an enforceable legal right to a twelve-month placement in an RRC." *McCarthy v. Fed. Bureau of Prisons*, No. 10-CV-745 (PJS/SRN), 2010 WL 4320507, at

5

*2 (D. Minn. Sept. 29, 2010) (listing cases), *R. & R. adopted,* 2010 WL 4312851 (D. Minn. Oct. 22, 2010). Indeed, Gallop "has no legal right or entitlement to *any* period of RRC placement." *Id.* (listing cases).

Further, a habeas petitioner may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger*, 77 F.3d at 1072. An RRC is a type of prerelease custody. *See* 18 U.S.C. § 3624(g)(2)(B). The Eighth Circuit considers a prisoner's request for transfer to prerelease custody as a challenge to the prisoner's **place** of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams,* , 2021 WL 4155614 at *6 ("Being transferred to home confinement is not a 'release' for incarceration."), *R. & R. adopted,* 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Thus, because Gallop is not challenging the legality of her detention—that is, the fact or duration of her confinement—a writ of habeas corpus is not the correct vehicle for seeking relief for the alleged violation of her rights. *See Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (concluding that court lacks jurisdiction over federal habeas claim requesting transfer to home confinement) (collecting cases).

For all of the reasons stated forth above, Gallop's petition for habeas corpus (Dkt. 1) should be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** Petitioner Teresa Gallop's request for habeas corpus relief under 28 U.S.C. § 2241 (Dkt. 1) be **DENIED**.

Dated: August 8, 2025                             *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).